**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MAXINE GLORIA HERMOSILLO,          )          NO. ED CV 19-2062-E
                                   )
            Plaintiff,             )
                                   )
     v.                            )          **MEMORANDUM OPINION**
                                   )
ANDREW SAUL, Commissioner of       )
Social Security,                   )
                                   )
            Defendant.             )
_____)

**PROCEEDINGS**

     Plaintiff filed a complaint on October 28, 2019, seeking review of the Commissioner's denial of benefits.  The parties consented to proceed before a United States Magistrate Judge on December 11, 2019. Plaintiff filed a motion for summary judgment on March 25, 2020. Defendant filed a motion for summary judgment on April 24, 2020.  The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed November 1, 2019.

///

///

**BACKGROUND**

Plaintiff asserted disability since April 18, 2014, based primarily on irritable bowl syndrome ("IBS") (Administrative Record ("A.R.") 34, 144, 169, 198). The Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 12-142, 144-229, 234-1064). The ALJ found that Plaintiff has severe physical impairments, including IBS, but retains the residual functional capacity to perform light work jobs that afford access to restroom facilities (A.R. 18-22). In reliance on the testimony of the vocational expert, the ALJ determined that a person having this capacity could perform Plaintiff's past relevant work as a sales clerk and a receptionist (A.R.22-23, 48-49). Plaintiff submitted additional evidence to the Appeals Council, but the Council denied review (A.R. 1-3, 1065-1111).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v.

1 | <u>Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006).

If the evidence can support either outcome, the court may
not substitute its judgment for that of the ALJ.  But the
Commissioner's decision cannot be affirmed simply by
isolating a specific quantum of supporting evidence.
Rather, a court must consider the record as a whole,
weighing both evidence that supports and evidence that
detracts from the [administrative] conclusion.

<u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion
is granted and Plaintiff's motion is denied.  The Administration's
findings are supported by substantial evidence and are free from
material[1] legal error.

Plaintiff argues that the ALJ erred by disbelieving Plaintiff's
testimony that she requires 5 to 6 daily unscheduled bathroom breaks
of 15 to 20 minutes duration.  Actually, Plaintiff testified that she
required such breaks while she was still working, <u>i.e.</u>, before

---

[1]  The harmless error rule applies to the review of
administrative decisions regarding disability.  <u>See</u> <u>Garcia v.
Commissioner</u>, 768 F.3d 925, 932-33 (9th Cir. 2014); <u>McLeod v.
Astrue</u>, 640 F.3d 881, 886-88 (9th Cir. 2011).

1    April 18, 2014 (A.R. 41-42).  Plaintiff never testified that such

2    unpredictable bathroom frequency persisted for any continuous twelve

3    month period thereafter, and the treatment records suggest the

4    opposite (A.R. 20-22 (and records cited therein)).  A successful

5    disability claimant's inability to engage in substantial gainful

6    activity must last, or be expected to last, for twelve continuous

7    months.  See Barnhart v. Walton, 535 U.S. 212, 217-22 (2002);

8    Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert.

9    denied, 475 U.S. 1025 (1986).  In any event, as discussed below, the

10   ALJ did not materially err in finding Plaintiff's testimony concerning

11   the intensity, persistence and limiting effects of her alleged

12   symptoms to be less than fully credible.

13

14       An ALJ's assessment of a claimant's credibility is entitled to

15   "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir.

16   1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Where, as

17   here, an ALJ finds that the claimant's medically determinable

18   impairments reasonably could be expected to cause some degree of the

19   alleged symptoms of which the claimant subjectively complains, any

20   discounting of the claimant's complaints must be supported by

21   specific, cogent findings.  See Berry v. Astrue, 622 F.3d 1228, 1234

22   (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995);

23   but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996)

24   (indicating that ALJ must offer "specific, clear and convincing"

25   reasons to reject a claimant's testimony where there is no evidence of

26   ///

27   ///

28   ///

"malingering").[2]  An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).[3]  As discussed below, the ALJ stated sufficient reasons for finding Plaintiff's subjective complaints to be less than fully credible.

The ALJ properly pointed out that the objective medical evidence does not support greater limitations than those the ALJ found to exist (A.R. 20-22, 73-76, 338-40, 371, 546-47, 594, 997).  An ALJ permissibly may rely in part on a lack of supporting objective medical

---

[2]     In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[3]     The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR.  See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

evidence in discounting a claimant's allegations of disabling

symptomatology.  See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.

2005) ("Although lack of medical evidence cannot form the sole basis

for discounting pain testimony, it is a factor the ALJ can consider in

his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d

853, 857 (9th Cir. 2001) (same); see also Carmickle v. Commissioner,

533 F.3d at 1161 ("Contradiction with the medical record is a

sufficient basis for rejecting the claimant's subjective testimony");

SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help

make reasonable conclusions about the intensity and persistence of

symptoms, including the effects those symptoms may have on the ability

to perform work-related activities . . .").[4]


    The ALJ also properly pointed out that there were lengthy periods

of time during which Plaintiff sought no medical treatment for her

allegedly disabling symptoms (A.R. 21 (and records cited therein)).

An unexplained failure to seek frequent medical treatment may

discredit a claimant's allegations of disabling symptoms.  See Molina

v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Burch v. Barnhart, 400

F.3d at 681; Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir.

2004); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995); accord

Bunnel v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen,

885 F.2d 597, 603-604 (9th Cir. 1989).

///

---

[4]    In attempted explanation of one of these lengthy
periods, Plaintiff testified that her health insurance then was
in transition (A.R. 42).  Plaintiff did not attempt to explain
any of the other periods during which she sought no treatment.

1    Further, the ALJ accurately observed that Plaintiff did not

2  always comply with her recommended treatment (A.R. 21, 352, 393, 395,

3  649-50, 659, 661, 974-75).  Unexplained or inadequately explained

4  refusal of recommended treatment can cast doubt on a claimant's

5  credibility.  See Molina v. Astrue, 674 F.3d at 1113 ("We have long

6  held that, in assessing a claimant's credibility the ALJ may properly

7  rely on unexplained or inadequately explained failure . . . to follow

8  a prescribed course of treatment") (citations and quotations omitted);

9  accord, Fair v. Bowen, 885 F.2d at 603; SSR 16-3p ("if the individual

10  fails to follow prescribed treatment that might improve symptoms, we

11  may find that the alleged intensity and persistence of an individual's

12  symptoms are inconsistent with the overall evidence of record").

13

14    To the extent one or more of the ALJ's stated reasons for

15  discounting Plaintiff's credibility may have been invalid, the Court

16  nevertheless would uphold the ALJ's credibility determination under

17  the circumstances presented.  See Carmickle v. Commissioner, 533 F.3d

18  at 1162-63 (despite the invalidity of one or more of an ALJ's stated

19  reasons, a court properly may uphold the ALJ's credibility

20  determination where sufficient valid reasons have been stated).  In

21  the present case, the ALJ stated sufficient valid reasons to allow the

22  Court to conclude that the ALJ discounted Plaintiff's credibility on

23  permissible grounds.  See Moisa v. Barnhart, 367 F.3d at 885.  The

24  Court therefore defers to the ALJ's credibility determination.  See

25  Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will

26  defer to Administration's credibility determination when the proper

27  process is used and proper reasons for the decision are provided);

28  accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453,

1464 (9th Cir. 1995).[5]

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 11, 2020.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5]    The Court should not and does not determine the credibility of Plaintiff's testimony concerning her symptoms. Absent legal error, it is for the Administration, and not this Court, to do so.  See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[6]    The Court has considered and rejected each of Plaintiff's arguments.  Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d at 887-88 (discussing the standards applicable to evaluating prejudice).